COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-116-CR
JOE CARL MAJORS          
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
        STATE
---------
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
        
Appellant Joe Carl Majors attempts to appeal his conviction for burglary of a
habitation.  On May 2, 2001, Appellant pleaded guilty to this offense, and
was placed on deferred adjudication community supervision for ten years. 
On October 23, 2002, the State filed a petition to adjudicate which was heard on
December 16, 2002.  On that date, the court revoked Appellant's community
supervision, adjudicated him guilty of the offense, and sentenced him in open
court to five years' confinement.  We dismiss the appeal for want of
jurisdiction.
        Pursuant to rule 26.2 of the rules of
appellate procedure, a notice of appeal must be filed within 30 days after the
date sentence is imposed, or within 90 days after the date sentence is imposed
if the defendant files a timely motion for new trial.  Tex. R.
App. P. 26.2.  Appellant's sentence was imposed on December 16, 2002. 
Although Appellant filed a motion for new trial on March 14, 2003, this motion
was untimely.  See Tex. R. App. P. 21.4(a).  Therefore, the
untimely filing of Appellant's motion for new trial did not operate to extend
the appellate deadline for filing Appellant's notice of appeal, which was due
January 15, 2003, but was filed March 18, 2003.
        On
April 9, 2003, we notified Appellant of the apparent untimeliness of the notice
of appeal and stated we would dismiss the appeal unless we received a response
showing grounds for continuing the appeal.  See Tex. R. App. P.
44.3.  Appellant's pro se response does not show grounds for continuing the
appeal.
        Because
Appellant's notice of appeal was untimely, we have no jurisdiction over this
appeal. See Olivo v. State, 918 S.W.2d 519, 522-23 (Tex. Crim. App.
1996); see also Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998).  Accordingly, we dismiss this appeal for want of jurisdiction.
 
                                                                       
PER CURIAM
 
PANEL D: HOLMAN, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1.  See Tex. R. App. P. 47.4.